**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: | CHAPTER 13 CASE NO.: |
| CHRISTOPHER N. SAMSEL AND | |
| MELISSA J. SAMSEL | 19-14413-JDW |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (DKT. #15)**

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after conducting the Section 341(a) Meeting of Creditors, reviewing the Petition, Schedules, and Statement of Financial Affairs, and files this Objection to Confirmation of Chapter 13 Plan (the "Objection"), and in support thereof states as follows:

1. The Debtors commenced this proceeding by filing a voluntary petition on October 31, 2019 (the "Petition Date"). The Debtors filed a proposed Chapter 13 Plan (Dkt. #15) (the "Plan") on November 25, 2019.

2. The Debtors are above median income and the proposed term of the Plan is sixty (60) months. The Plan provides for nonpriority unsecured creditors to be paid 5.67%. The liquidation value in Section 5.1 of the Plan is zero (0).

3. The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and §521(a)(1)(B)(iv) because the Debtor, Christopher N. Samsel, has failed to provide the Trustee with copies of his pay advices.

4. The Plan fails to comply with 11 U.S.C. § 1325(a)(1). The Debtors have $1,000.00 in a savings account at Community Bank (the "Funds"). The Trustee submits that the Funds are property of the estate and must be turned over to the Trustee pursuant to 11 U.S.C. § 542(a) for

1

disbursement to nonpriority unsecured creditors.  To date, the Debtors have failed and/or refused to turn over the Funds to the Trustee for administration.

5.Section 3.1(a) of the Plan fails to comply with 11 U.S.C. § 1325(a)(1).  The Debtors are proposing to pay the direct mortgage claim of Franklin American Mortgage starting in December 2020. The Trustee submits that the ongoing start date should be December 2019.

6.The Trustee submits that the Debtors incorrectly calculated the Chapter 13 Calculation of Your Disposable Income (Official Form 122C-2) (the "Calculation of DMI Form") (Dkt#14).  The Trustee submits that a correct calculation results in the Debtors' disposable monthly income being $343.99, which, when multiplied by sixty (60) months, requires a total payment of $20,639.40 to be disbursed to nonpriority unsecured creditors.  Therefore, Section 5.1 of the Plan fails to comply with 11 U.S.C. § 1325(a)(1) and (b)(1)(B) because it does not provide for payment of all of the Debtors' projected disposable income to nonpriority unsecured creditors.

7.The Debtors should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

8.For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection.  The Trustee prays for other such general and specific relief to which Trustee and this bankruptcy estate may be entitled.

Dated: February 5, 2020.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, Miss.  39211
(601) 355-6661
mvardaman@barkley13.com

### CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: February 5, 2020.

/s/ Melanie T. Vardaman
MELANIE T. VARDAMAN